United States District Court
Southern District of Texas
**ENTERED**
April 01, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARNEST LEE GLOVER, JR., TDCJ #1463189, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-23-3324 |
| v. | § § | |
| CMC PHARMACIST, et al., | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Earnest Lee Glover, Jr., also known as Ernest Lee Glover, Jr. (TDCJ #1463189), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has also submitted Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 14), which provides additional details about his claims, and a Motion for Standard Review (Docket Entry No. 15), asking the court to screen his case. Because Glover is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the pleadings and dismiss the case if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of

the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Glover is presently incarcerated by TDCJ at the Jester III Unit in Richmond.[1] Public records reflect that he is serving two 99-year prison sentences for aggravated sexual assault.[2] He is 63 years of age.[3] He filed this lawsuit under 42 U.S.C. § 1983 against the following defendants who are employed by TDCJ: (1) an unidentified pharmacist at the TDCJ Correctional Managed Care ("CMC") Pharmacy in Huntsville; (2) Dr. Samuel Adesoba; (3) Nurse Practitioner ("NPR") Sangmin Kim; and (4) NPR Loretta Onwukwe.[4] His primary complaint is that these health care providers failed to prescribe medication that was recommended by a specialist with the Neurology Department at the John Sealy Hospital in Galveston, and prescribed another medication instead.[5]

---

[1] Complaint, Docket Entry No. 1, p. 3. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2] See Texas Department of Criminal Justice Offender Information, available at: https://inmate.tdcj.texas.gov (last visited March 27, 2024).

[3] Id.

[4] Complaint, Docket Entry No. 1, p. 3; Plaintiff's MDS, Docket Entry No. 14, pp. 7-8 (Response to Questions 11(d) and 12(d)).

[5] Complaint, Docket Entry No. 1, p. 3.

Glover was first admitted to TDCJ in 2007.[6] He suffers from several medical conditions, including diabetes and glaucoma.[7] He takes Insulin, Metformin, and Lasix for swelling in his extremities.[8] He has had hernia surgery on more than one occasion and he has also had cataract surgery in both eyes.[9]

In 2013 Glover was reportedly diagnosed with severe arthritis and "degenerative back disc disease" by Dr. Benjamin Leach at the Bill Clements Unit in Amarillo, who also determined that Glover would need left hip replacement surgery.[10] In 2018 Dr. Leach placed Glover on the "back surgery list," but advised him that he would likely have to wait several years for the procedure.[11] In 2019 Glover had hip replacement surgery at University Hospital in Lubbock.[12]

While he was at the Bill Clements Unit Glover reportedly received a shot of "Methocarbolmol" every other month along with Tramadol for hip pain and Gabapentin for nerve pain.[13] In 2022

---

[6] Plaintiff's MDS, Docket Entry No. 14, p. 2 (Response to Question 1).

[7] Id. at 8 (Response to Question 13).

[8] Id.

[9] Id.

[10] Id. at 2 (Response to Question 5(a)).

[11] Id. at 3 (Response to Question 6).

[12] Id. at 3 (Response to Questions 6 and 7).

[13] Id. at 4 (Response to Question 8).

Glover was assigned to the Beto Unit, where he underwent physical therapy from April through July.[14]

On March 31, 2023, Glover was assigned to the Jester III Unit.[15] From May 8 through May 25, 2023, Glover was prescribed Tramadol and Gabapentin by Dr. Lehn, who is a neurologist at the John Sealy Hospital in Galveston,[16] which is operated by the University of Texas Medical Branch ("UTMB"). Glover alleges that a pharmacist at the CMC Pharmacy in Huntsville, which is part of the "UTMB system," refused to authorize the prescription for Gabapentin because it is "'Habit Forming,'" but Glover believes that this was merely an "excuse" because the medication is deemed "too 'Expensive.'"[17]

Glover claims that Dr. Adesoba, who treated him at the Jester III Unit, refused to challenge the pharmacist's decision or contact Dr. Lehn at the John Sealy Hospital to insist that Glover receive Gabapentin as prescribed.[18] Instead, Dr. Adesoba gave Glover an 11-month prescription for "Zymbalta," despite the fact that Glover's medical records show that he became inebriated and nauseous when taking Zymbalta previously at the Beto Unit.[19] Glover

---

[14] Id.

[15] Id. at 2 (Response to Question 3).

[16] Id. at 6 (Response to Question 10(b)).

[17] Id. at 5 (Response to Question 9(c)) (emphasis in original).

[18] Id. at 6 (Response to Question 10(c)).

[19] Id. at 6 (Response to Question 10(e)).

alleges that NPR Kim and NPR Onwukwe also refused to contact Dr. Lehn on Glover's behalf to insist on a prescription for Gabapentin instead of Zymbalta.[20]

On November 27, 2023, Glover submitted a request for "Bacaphil" for pain relief.[21] On December 10, 2023, Glover had a Telemed appointment with a neurologist, who ordered an MRI for purposes of evaluating him for back surgery.[22] Glover reports that the neurologist has ordered a second round of physical therapy.[23]

Glover complains that the defendants have denied him adequate medical care by failing to follow Dr. Lehn's recommended prescription for Gabapentin or to contact Dr. Lehn so that he can receive Gabapentin as prescribed.[24] Glover seeks a prescription for Gabapentin.[25] He also seeks compensatory damages from each defendant for the violation of his civil rights.[26]

---

[20] Id. at 6-7 (Response to Questions 11(a) and 12(a)).

[21] Id. at 8 (Response to Question 12(c)).

[22] Id. at 4 (Response to Question 7).

[23] Id. (Response to Question 8).

[24] Complaint, Docket Entry No. 1, pp. 3-4.

[25] Id. at 4. Glover also seeks "[e]mergency surgery" on his back. Id. According to Glover, decisions about his eligibility for back surgery are being handled by neurologists at the John Sealy Hospital. See Plaintiff's MDS, Docket Entry No. 14, p. 4 (Response to Question 7). Because Glover does not allege facts showing that any of the defendants in this case are personally involved in making decisions about his eligibility for back surgery, the court does not address this claim.

[26] Complaint, Docket Entry No. 1, p. 4.

## II. **Standard of Review**

The Prison Litigation Reform Act ("PLRA") requires federal district courts to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted). "A complaint lacks an arguable basis in fact if, after providing the

-6-

plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

In conducting this review, the court is mindful that the plaintiff represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (per curiam)

(noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, pro se litigants are still required to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014) (quoting Champion v. United States, 421 F. App'x 418, 423 (5th Cir. 2011); Pickett v. Nunn, 367 F. App'x 536, 537 (5th Cir. 2010)).

## III. Discussion

Glover alleges that the defendants are liable under 42 U.S.C. § 1983 for failing to provide medication prescribed by a specialist at the John Sealy Hospital and providing different medication instead.[27] To state an actionable claim for the denial of adequate medical care, a prisoner must demonstrate that prison officials violated the Eighth Amendment by acting with "deliberate indifference to a prisoner's serious illness or injury[.]" Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994).

---

[27]Complaint, Docket Entry No. 1, p. 3.

-8-

The Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). A showing of deliberate indifference under these circumstances requires the prisoner to demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation marks and citation omitted).

Glover claims that the defendants have denied him adequate medical care by prescribing other medication instead of Gabapentin, which was recommended by Dr. Lehn. A prisoner's desire for different treatment or treatment from a specialist is not sufficient to state a constitutional violation under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). To the extent that the defendants elected to provide treatment that differed from Dr. Lehn's recommendation, a medical provider's decision to prescribe a different course of treatment does not demonstrate deliberate indifference. See Stewart v. Murphy, 174

F.3d 530, 535 (5th Cir. 1999); see also Simon v. LeBlanc, 623 F. App'x 276, 277 (5th Cir. 2015) (per curiam) ("The refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference.").

Likewise, a pharmacist's decision about whether to approve medication under a treatment plan does not rise to the level of a constitutional violation. See Davis v. Lithicum, Civil Action No. H-11-2755, 2013 WL 2427722, at *8 (S.D. Tex. June 3, 2013) (concluding that a pharmacist's decision not to approve a prescription, and a treating physician's decision not to challenge the denial, involved judgment about medical treatment and about how to apply prison policies); Tijerina v. Stanley, Civil Action No. 5:16-cv-102, 2019 WL 1396964, at *7 (E.D. Tex. March 28, 2019) (concluding that a prisoner failed to show that a clinical pharmacist who declined to approve medication acted with deliberate indifference); Welch v. Revell, No. 2:10-CV-0109, 2011 WL 2455715, at *7 (N.D. Tex. May 20, 2011) (concluding that a prisoner's dissatisfaction with pain medication that was prescribed instead of narcotics did not state a claim for deliberate indifference), Report and Recommendation adopted at 2011 WL 2455661 (N.D. Tex. June 20, 2011); Acuna v. UTMB TDCJ Managed Care, Civil Action No. 5:21cv14, 2022 WL 2196310, at *6 (E.D. Tex. Jan. 24, 2022) ("Plaintiff's disagreement with the pharmacist's refusal to approve this particular medication . . . does not demonstrate deliberate

indifference."), Report and Recommendation adopted at 2022 WL 2195016 (E.D. Tex. June 16, 2022).

Questions about whether a particular form of treatment is indicated are "a classic example of a matter for medical judgment." Estelle, 97 S. Ct. at 293. A medical decision to prescribe a particular type of treatment "does not represent cruel and unusual punishment." Id. Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. See Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)); see also Delaughter v. Woodall, 909 F.3d 130, 136 (5th Cir. 2018) (claims based on unsuccessful medical treatment, negligence, or medical malpractice are insufficient to show deliberate indifference). Because Glover has failed to allege facts showing that he was denied care with deliberate indifference by any of the defendants, he has not stated a claim under 42 U.S.C. § 1983 in connection with the treatment he received at the Jester III Unit. As a result, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) filed by Earnest Lee Glover, Jr., also known as Ernest Lee Glover, Jr., is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

-11-

2.  The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

3.  Glover's Motion for Standard Review (Docket Entry No. 15) is **DENIED AS MOOT**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 1st day of April, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE